**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** ) | |
| **A/S/A BOWEN LOGISTICS LLC,** ) | |
| **D/B/A DOUG'S PRODUCE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 2:20-cv-157-WKW-SMD |
| ) | |
| **UTILITY TRAILER** ) | |
| **MANUFACTURING CO., INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this case, Plaintiff Canal Insurance Company ("Canal Insurance") alleges that Defendant Utility Trailer Manufacturing Co., Inc. ("Utility Trailer") sold a trailer equipped with negligently installed brakes to Plaintiff's insured, Bowen Logistics LLC, d/b/a Doug's Produce ("Doug's Produce"). (Doc. 1-1) at 2-3. Canal Insurance further alleges that the negligently installed brakes caused the trailer to catch fire during transit, resulting in damage to the load carried by Doug's Produce and to the trailer itself, which was insured by Canal Insurance. *Id*. Based upon these facts, Canal Insurance asserts one count of negligence against Utility Trailer and seeks $116,675.54 in damages. *Id*. at 3.

Pending before the Court is Utility Trailer's Motion for Sanctions to Include Dismissal and Award of Reasonable Expenses (Doc. 19). The Motion seeks an order dismissing Canal Insurance's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2) and/or Rule 41(b). *Id.* at 10. Utility Trailer also requests that the Court

award reasonable expenses to include attorney's fees and costs in the amount of $15,560.43. (Doc. 23-1) at 2. Canal Insurance has not filed a response in accordance with the undersigned's order (Doc. 22) to show cause why Utility Trailer's Motion should not be granted. For the reasons that follow, the undersigned recommends that Canal Insurance's Complaint be dismissed with prejudice and expenses in the amount of $15,560.43 be awarded to Utility Trailer.

## I.   PROCEDURAL HISTORY

Utility Trailer removed this case from State court on March 5, 2020. (Doc. 1) The Court entered a Uniform Scheduling Order on May 20, 2020, setting the deadline for initial disclosures on June 22, 2020. (Doc. 11) (adopting the Report of the Parties' Planning Meeting). Utility Trailer asserts that, while it timely served its initial disclosures, Canal Insurance "provided some, but perhaps not all, initial disclosure documents." (Doc. 19) at 2. Utility Trailer further contends that it has offered Canal Insurance multiple unilateral extensions to remit the disclosures to no avail. *Id.*

On July 14, 2020, Utility Trailer filed a Motion for Protective Order (Doc. 13) and a Motion to Compel Initial Disclosures (Doc. 14). The undersigned ordered Canal Insurance to show cause why the Motions should not be granted. (Docs. 15, 16). Canal Insurance did not file responses to the undersigned's orders. Thus, the undersigned granted both Motions and ordered Canal Insurance "to provide [Utility Trailer] with initial disclosures on or before July 30, 2020." (Doc. 18) at 1.

On August 3, 2020, Utility Trailer's counsel contacted Canal Insurance's counsel—via mail and email—seeking the overdue initial disclosures ordered by the undersigned.

(Doc. 19-1). In that correspondence, Utility Trailer provided Canal Insurance with another unilateral deadline extension and requested that the initial disclosures be provided by August 10, 2020. *Id*. at 2. Utility Trailer also noted that further silence from Canal Insurance's counsel would necessitate Court intervention, including "seek[ing] dismissal under Rule 37(b)(2)." *Id*. Utility Trailer reports that, to date, counsel for Canal Insurance has failed to provide the overdue initial disclosures and has ignored Utility Trailer's correspondence. (Doc. 19) at 4.

## II.   STANDARDS OF LAW

Rule 37 authorizes a court to dismiss an action, in whole or part, as a sanction for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Generally, "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The sanction ordinarily "requires a willful or bad faith failure to obey a discovery order," and "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

Rule 41(b) provides for involuntary dismissal on motion for a plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Such dismissal may be with or without prejudice. Fed. R. Civ. P. 41(b); *Mingo v. Sugar Cane Growers*, 864 F.2d 101, 102 (11th Cir. 1989). The Eleventh Circuit instructs that "a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser

3

sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (emphasis original) (internal quotes and citations omitted).

### III.   DISCUSSION

    a.   **Motion for Sanctions Including Dismissal**

        i.   *Canal Insurance has demonstrated a clear record of willful delay.*

Canal Insurance has failed to prosecute this action and to engage with this Court and Utility Trailer for more than two months. Specifically, Canal Insurance has refused to produce its initial disclosures—at least in part—despite Utility Trailer's repeated requests for the information and this Court's order to disclose. Additionally, Canal Insurance's counsel has ceased contact with this Court, as evidenced by the three show cause orders it has ignored, and with Utility Trailer's counsel. This behavior demonstrates Canal Insurance's unwillingness to engage in discovery and to comply with this Court's orders, and it further indicates that Canal Insurance has abandoned the prosecution of this case. Accordingly, the undersigned finds that Canal Insurance's conduct constitutes a willful pattern of delay and bad faith that warrants dismissal of Canal Insurance's Complaint with prejudice under both Rule 37(b)(2) and Rule 41(b). *See, e.g.*, *Salter v. Montgomery Ass'n of Retarded Citizens*, 2019 WL 2335988, at *2 (M.D. Ala. May 15, 2019) (finding that "failure to make initial disclosures despite repeated Court orders and the obligations imposed by Rule 26 constitutes a clear pattern of delay and willful contempt"); *Todd v. Daewon Am., Inc.*, 2014 WL 1572605, at *4 (M.D. Ala. Apr. 18, 2014) (finding the plaintiffs' disregard for their discovery obligations and their lack of communication with their own attorneys made dismissal appropriate under both Rule 37(b)(2) and Rule 41(b));

4

*Blackwell v. Stryker Howmedica Osteonics Corp.*, 2011 WL 2728439, at *1 (S.D. Ala. July 12, 2011) (finding that dismissal with prejudice was appropriate under both Rule 37(b) and 41(b) where the *pro se* plaintiff failed to provide initial disclosures and discovery responses after being ordered to do so).

### ii.     *Lesser sanctions will not suffice.*

Based on the facts of this case, the undersigned concludes that sanctions lesser than dismissal are inadequate to correct Canal Insurance's conduct. *See Calloway*, 313 F. App'x at 249. Indeed, by Canal Insurance's failure to file a response of any kind to the undersigned's order regarding this Motion, it is likely that further orders from the Court would be ignored. The Court is not required to beg Canal Insurance to prosecute its case, and Utility Trailer is not required to remain in limbo regarding a resolution to this matter. Therefore, the undersigned finds that a sanction lesser than dismissal would not suffice to address the conduct of Canal Insurance.

### iii.     *Conclusion.*

In sum, the undersigned finds that: (1) Canal Insurance has engaged in willful conduct that establishes a clear record of delay, and (2) sanctions lesser than dismissal are inadequate to correct such conduct. The undersigned therefore RECOMMENDS that Utility Trailer's Motion for Sanctions to Include Dismissal (Doc. 19) be GRANTED and that Canal Insurance's Complaint be DISMISSED with PREJUDICE.

### b.     **Motion for Fees and Costs**

Federal Rule of Civil Procedure 37(b)(2)(C) provides that, for failure to obey a discovery order, "the court must order the disobedient party, the attorney advising that

5

party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Utility Trailer requests that the Court award "reasonable expenses, including attorney's fees, incurred because of [Canal Insurance's] failure to timely provide the initial disclosures and to comply with the Court's orders, including Utility Trailer's motion to compel, the associated briefing, the repeated efforts to contact [Canal Insurance's] counsel, and this motion." (Doc. 19) at 8. Utility Trailer submits a declaration indicating that the amount of necessary and reasonable legal fees incurred is $15,560.43. (Doc. 23-1) at 2-3.

By failing to respond to Utility Trailer's Motion, Canal Insurance has provided no argument that its failure to provide initial disclosures or to respond to Court orders was substantially justified, and the undersigned knows of no facts or circumstances that would make the requested award of expenses unjust. Therefore, the undersigned RECOMMENDS that Utility Trailer's Motion for an Award of Reasonable Expenses (Doc. 19) be GRANTED in the amount of $15,560.43.

## IV.   CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned that Utility Trailer's Motion for Sanctions to Include Dismissal and Award of Reasonable Expenses (Doc. 19) be GRANTED in full. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 18, 2020. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 4th day of December, 2020.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE