IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CANAL INSURANCE COMPANY )
A/S/A BOWEN LOGISTICS LLC, )
D/B/A DOUG'S PRODUCE, )
                                                     )
            Plaintiff, )
                                                     )
      v.                                            )            CASE NO. 2:20-CV-157-WKW
                                                     )                        [WO]
UTILITY TRAILER                                 )
MANUFACTURING CO., INC.,          )
                                                     )
            Defendant. )

## MEMORANDUM OPINION AND ORDER

On January 7, 2021, after more than six months of silence, Plaintiff suffered the dismissal of its action for its failure to prosecute.  The order of dismissal was with prejudice and required Plaintiff to pay Defendant all of its reasonable expenses and attorneys' fees.  On January 21, 2021, Plaintiff's counsel, Justin Matthew Parnell, filed a timely motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the final judgment.  (Doc. # 27.)  Defendant filed an opposition to the motion.  (Doc. # 28.)  After careful consideration, the court finds that the totality of circumstances justifies granting the motion, with payment of Defendant's reasonable expenses and attorneys' fees associated with its defense of this action after Plaintiff ceased prosecuting this action.

# I.  BACKGROUND

In this action, Plaintiff accuses Defendant of upsetting the apple cart at a cost of $116,675.54.  Plaintiff's insured, Doug's Produce, was hauling a trailer purchased from Defendant, when the trailer caught fire, damaging the entire load (presumably produce, perhaps apples) and the trailer itself.  Plaintiff alleges that Defendant installed "incorrect break [sic] shoes on the hub of the trailer," which caused the fire and resulted in six-figures worth of damages.  Plaintiff paid the damages amount as required under the insurance contract between it and its insured.  After paying the claim, Plaintiff became subrogated to the claims of its insured against Defendant. Defendant refused to pay, and Plaintiff brought suit in the Circuit Court of Montgomery County, Alabama.  The complaint contains one count alleging that the brakes on the trailer "were negligently installed by the Defendant causing the fire." (Doc. # 1-1, at 3.)

On March 5, 2020, Defendant removed this action on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Post-removal, Plaintiff's counsel initially was active on the case.  The Report of Parties' Planning Meeting indicates that Mr. Parnell conferenced over the telephone with defense counsel to prepare the report.  (Doc. # 8.)  However, beginning in late June 2020, Mr. Parnell failed to respond to multiple case-related emails from defense counsel, concerning initial disclosures and a request for his joinder in a motion for a protective order.  Mr.

Parnell answered defense counsel's email dated June 2, 2020, but then quit responding. He did not answer defense counsel's emails dated June 22, June 24, June 26, July 4, and July 12.[1] He also did not return defense counsel's June 24 voicemail message. (Doc. # 13-2, at 2–5.) Based on Mr. Parnell's disregard of defense counsel's emails and phone call, defense counsel filed its own (rather than a joint) motion for a protective order and a motion to compel initial disclosures from Plaintiff. (Docs. # 13, 14.) Thereafter, counsel for Plaintiff failed to respond to the court's directives to show cause why Defendant's motion for a protective order and motion to compel initial disclosures should not be granted. (Docs. # 15, 16.) Continuing his pattern, counsel for Plaintiff did not comply with the court's order granting the motion to compel and directing Plaintiff to provide Defendant with initial disclosures by July 30, 2020. (Doc. # 18.)

Mr. Parnell's continued silence was the catalyst for Defendant's motion for sanctions (Doc. # 19), to include dismissal and an award of reasonable expenses and attorneys' fees. Plaintiff did not respond to this motion, despite being ordered to do so. (Doc. # 22.) Hence, the Magistrate Judge entered a recommendation that the court (1) grant the motion for sanctions, (2) dismiss this action with prejudice, and

---

[1] Defense counsel sent all six emails to the same address, mparnell@parnellsoutheast.com, which counsel for Plaintiff has confirmed is his correct email address, *see infra* note 5.

(3) award Defendant $15,560.43 in expenses and attorneys' fees.[2]  (Doc. # 24.) Plaintiff did not file an objection to the recommendation within the time permitted. After an independent review, the court adopted the recommendation, entered final judgment on January 7, 2021, and awarded Defendant $15,560.43.  (Docs. # 25, 26.)

Two weeks later, on January 21, 2021, Plaintiff filed a Rule 60(b) motion for relief from the final judgment.  (Doc. # 27.)  Plaintiff moves to set aside the judgment on grounds that multiple, unfortunate forces conspired against him and led to the entry of the final judgment:

(1)    "There was a COVID-19 outbreak in Counsel for Plaintiff's office." (Doc. # 27, at 1.)

(2)    Because counsel for Plaintiff has Type 1 diabetes, his doctor ordered him "to work remotely from home."  (Doc. # 27, at 1.)

(3)    Counsel for Plaintiff thought that his staff "had filed the initial disclosures"[3]; however, his staff "actually placed a new pleading in the courthouse's drop box, which in turn created a separate action."[4]  (Doc. # 27, at 2.)

---

[2] This amount reflects all reasonable expenses and work performed by Defendant's law firm on the case from beginning to end.

[3] Contrary to counsel for Plaintiff's statement, initial disclosures are exchanged between the parties, not filed with the court.

[4] The separate action is *Canal Insurance Co. v. Utility Trailer Manufacturing Co.*, No. 2:20cv412 (M.D. Ala. June 15, 2020).  This action remained dormant from its inception on June 15, 2020.  Ultimately, the court dismissed it as duplicative of the instant case.  *See* No. 2:20cv412, ECF No. 6.

(4)    Counsel "was not receiving any PACER notification" because the email address in the court's system for electronic notifications dated back to 2015 when counsel worked at another law firm:  "At the time Counsel for Plaintiff left []his previous law firm, he . . . believed that all his information had been updated on PACER."[5]  (Doc. # 27, at 2.)

(5)    Counsel for Plaintiff first learned of the final judgment and the award against him when he received a letter from defense counsel informing him of the disposition of the case.  (Doc. # 27, at 2.)

Plaintiff moves the court to set aside the judgment.  Alternatively, Plaintiff requests the court to "reconsider the award of attorneys' fees."  (Doc. # 27, at 3.)

## II. DISCUSSION

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."  A Rule 60(b)(1)

---

[5] Counsel for Plaintiff refers to the PACER system, which is the Public Access to Court Electronic Records ("PACER") system.  PACER acts as a portal to the case filings stored on the court's Case Management/Electronic Case Files ("CM/ECF") system.  The electronic notification system is through CM/ECF, not PACER.  CM/ECF "provides courts the option to have case file documents in electronic format and to accept filings over the Internet."  *See* Electronic Case Filing, https://www.almd.uscourts.gov/electronic-filing (last visited Feb. 5, 2021).  While attorneys in the Middle District of Alabama are not required to electronically file documents, they are required to register for ECF electronic noticing and to keep their account information updated.  The court's records reflect that it was not until after the entry of the January 7, 2021 judgment that Mr. Parnell's CM/ECF account was updated to reflect a change in his email address from mattp@scott-pc.com to mparnell@parnellsoutheast.com.

motion "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Excusable neglect" "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The circumstances to be weighed include (1) "the reason for the delay, including whether it was within the reasonable control of the movant," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the danger of prejudice to the [opposing party]," and (4) "whether the movant acted in good faith" ("the *Pioneer* factors"). *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Collectively the *Pioneer* factors weigh, even if only marginally so, in favor of excusing counsel for Plaintiff's neglect and granting Plaintiff relief under Rule 60(b). First, as to the reason counsel for Plaintiff was unaware of all filings in his case, Mr. Parnell says that the court's electronic notifications were being sent to his old email address from his previous law firm. This excuse is meager. It is counsel for Plaintiff's responsibility—not the responsibility of his former law firm or of the court—to ensure that his contact information is updated in the court's Case

6

Management/Electronic Case Files ("CM/ECF") system.  As counsel admits, he left his former law firm in 2015, yet failed to update his email address and other account information in the CM/ECF system until 2021.[6]  Additionally, Mr. Parnell's reason for why he was not receiving the court's electronic notifications of filings does not explain his failure to answer five emails that defense counsel sent to his *current* work email address.  Similarly unconvincing is counsel for Plaintiff's unfounded assumption that he thought his lawsuit was stayed until "the severe COVID-19 outbreaks had dissipated."  (Doc. # 27, at 1.)  If Mr. Parnell had updated his account information in the court's CM/ECF system or checked on the status of his case (likely even once), this litigation would not have come to a standstill, and counsel for Plaintiff would not be facing a final judgment and the payment of all Defendant's expenses and attorneys' fees.  *See generally Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("A party has a duty of diligence to inquire about the status of a case . . . .").

However, the parties and their counsel are litigating in unprecedented times in the midst of a nationwide COVID-19 pandemic.  This court has remained cognizant of the extreme difficulties facing all participants in cases pending in this district.  The premise cannot be dismissed wholesale that the perfect storm of

---

[6] Between 2015 and 2021, in addition to the two Canal Insurance Company cases—which are this case and No. 2:20-cv-412 (*see supra* note 4)—Mr. Parnell has appeared as counsel of record in one other civil case in this court.

calamities—an attorney, with a serious medical condition, who had failed to update his account information in the court's CM/ECF system, faces a COVID-19 outbreak at his office, causing him to work remotely from home without the typical support of staff—culminated in Mr. Parnell's failure to prosecute this suit.  While counsel for Plaintiff's failure to receive ECF electronic notifications was of his own making and within his reasonable control, the onset of the COVID-19 pandemic was not. Given the unique realities of the present times, this factor weighs in favor of Plaintiff, but just barely so.

Second, the *Pioneer* factor addressing the length of the delay and its impact on the judicial proceedings weighs in Plaintiff's favor.  Counsel for Plaintiff, after receiving a letter from defense counsel notifying him of the final judgment and award of fees, promptly moved to set aside the judgment.  Only two weeks passed between entry of the final judgment and Plaintiff's Rule 60(b) motion, and reopening this action for a decision on the merits will not have an "adverse impact on the district court or its resources."  *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1202 (11th Cir. 1999).

Third, as to the *Pioneer* factor focusing on the danger of prejudice to Defendant, Defendant expended substantial time and efforts to reach counsel for Plaintiff, all to no avail, and it no doubt will suffer prejudice if the judgment is vacated by having to again defend against this action.  While this prejudice is real

and felt by Defendant, "the inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009).   Under the Eleventh Circuit's definition, counsel for Plaintiff's disappearance caused upward of a six-month suspension in these proceedings, and setting aside the judgment likely will necessitate a continuance of the previously set November 2021 trial date. Nonetheless, the court finds that the delay will not seriously prejudice Defendant's ability to defend against this relatively young lawsuit, thus tilting this factor in Plaintiff's favor.

Fourth, concerning whether the movant acted in good faith, Mr. Parnell "certainly could have done more" to avoid the entry of final judgment. *Id.*  There is no evidence though that Mr. Parnell's conduct was willful.  This factor weighs slightly in favor of Mr. Parnell.

In sum, all of the *Pioneer* factors weigh in Plaintiff's favor, but the first and fourth factors do so only marginally.  Having considered all the circumstances, and against the backdrop of the COVID-19 pandemic, the court will give counsel for Plaintiff the benefit of the doubt, excuse his neglect, vacate the judgment, and permit this lawsuit to proceed.  However, Plaintiff will be required to pay defense counsel's reasonable expenses and fees incurred after Plaintiff quit communicating with his

adversary and with the court.  Those expenses and fees were incurred from June 22, 2020, through August 12, 2020, and total $4,632.00.  (*See* Doc. # 23-2, at 23–32.)

## III.  CONCLUSION

Based on the foregoing, the four *Pioneer* factors weigh in favor of granting Plaintiff Rule 60(b) relief and of permitting this litigation to proceed on the merits. Accordingly, it is ORDERED that Plaintiff's Rule 60(b) motion is GRANTED and that the Magistrate Judge's recommendation (Doc. # 24) and the court's order and final judgment (Docs. # 25–26) are VACATED.  It is further ORDERED that Defendant is awarded reasonable expenses and attorneys' fees in the amount of $4,632.

DONE this 5th day of February, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE