IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, A/S/A BOWEN LOGISTICS LLC, D/B/A DOUG'S PRODUCE, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:20-CV-157-WKW ) [WO] |
| UTILITY TRAILER MANUFACTURING CO., INC., | ) ) ) |
| Defendant. | ) |

# **ORDER**

Before the court is Defendant's motion for summary judgment. (Doc. # 35.) For the reasons stated below, the motion is due to be granted.

As background, Plaintiff's insured, Doug's Produce, was pulling a trailer purchased from Defendant, when the trailer caught fire, damaging the entire load and the trailer itself. Plaintiff alleges that Defendant installed "incorrect break [*sic*] shoes on the hub of the trailer," which caused a fire and resulted in six-figures-worth of damages. Plaintiff paid the damages amount as required under the insurance contract between it and its insured. By paying the claim, Plaintiff became subrogated to the claims of its insured against Defendant. Defendant refused to pay, and Plaintiff brought suit in the Circuit Court of Montgomery County, Alabama. The complaint contains one count alleging that the brakes on the trailer "were negligently

installed by the Defendant causing the fire." (Doc. # 1-1 at 3.)  Defendant removed this action on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a).

Defendant's motion for summary judgment asserts that Plaintiff has not properly disclosed any expert testimony and that Plaintiff therefore cannot produce any evidence that Defendant's acts caused the fire.  (Doc. # 35.)  Defendant also suggests that Plaintiff has no evidence that Defendant breached any duty, as Defendant maintains that Plaintiff cannot show that the brakes were improperly installed.  (Doc. # 35 at 6.)

Plaintiff did not respond to the motion for summary judgment.  Many circuits have adopted a rule permitting a failure to respond to be interpreted as a concession under various circumstances.  *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004); *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  That is not the rule in the Eleventh Circuit.  *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)[1] (dismissal for failure to respond is a sanction, not a ruling on the sufficiency of the complaint and ought to be adjudicated under sanction standards).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.  *Boazman* has been reaffirmed in this circuit on multiple occasions.  *See, e.g.*, *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005).

Nevertheless, "the onus is upon the parties to formulate arguments," *Lyes v. City of Riviera Beach*, 126 F.3d 1380, 1388 (11th Cir. 1997), and "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ." *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

After a review of the motion for summary judgment and the record, the court finds that the motion is meritorious.

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also*

Fed. R. Civ. P. 56 advisory committee note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."). If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

The record contains no evidence that Defendant incorrectly installed the brakes or that Defendant's acts contributed to the fire. The undisputed facts therefore show that Defendant is entitled to judgment as a matter of law.

Accordingly, it is ORDERED that Defendant's motion for summary judgment (Doc. # 35) is GRANTED.

An appropriate final judgment will be entered separately.

DONE this 6th day of April, 2022.

                                          /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE